IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:16-cv-1248-SI |
| Plaintiff(s), | **OPINION AND ORDER** |
| v. | |
| **RIVERCLIFF FARM, INC.,** **RONALD B. TALMAGE**, **ANNETTE C. TALMAGE**, **NEW CENTURY PROPERTIES LTD.**, and **MULTNOMAH COUNTY**, | |
| Defendants. | |

Caroline D. Ciraolo, Principal Deputy Assistant Attorney General; Lindsay L. Clayton and Jennifer Y. Golden, Trial Attorneys, UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044; Billy J. Williams, United States Attorney, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF OREGON, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Plaintiff.

Marc K. Sellers and Stephanie Holmberg, SCHWABE, WILLIAMSON, & WYATT, P.C., 1211 S.W. Fifth Avenue, Suite 1900, Portland, OR 97204. Of Attorneys for Proposed Plaintiff Intervenors John Wadsworth and Does 1 through 15.

**Michael H. Simon, District Judge.**

Plaintiff, United States of America (the "Government"), has filed a complaint against

RiverCliff Farm, Inc., Ronald B. Talmage, Annette C. Talmage, New Century Properties

PAGE 1 – OPINION AND ORDER

Limited, and Multnomah County (collectively, "Defendants"). Ronald B. Talmage and Annette C. Talmage (collectively, the "Talmages") are husband and wife. ECF 1 (Complaint) ¶ 33. The Talmages owe the Government more than $30 million in unpaid taxes, penalties, and interest. *Id*. at ¶ 61. The Government alleges that the Talmages own real property located at 35701 N.E. Chamberlain Road in Corbett, Oregon (the "River Cliff Property"). *Id*. at ¶¶ 112-13. In this lawsuit, the Government seeks to foreclose on the River Cliff Property. John Wadsworth and Does 1 Through 15 (collectively, "Proposed Intervenors") move to intervene in this action as plaintiffs. They allege that they are investors and that Mr. Talmage defrauded them out of $50 million. They further allege that they can trace a portion of their lost funds to the River Cliff Property and seek to recoup a portion of the money allegedly owed to them by Mr. Talmage from that property. For the following reasons, the Court denies the Proposed Intervenors' motion to intervene.

## STANDARDS

**A. Intervention of Right**

To intervene as of right under Rule 24(a)(2), an applicant must meet four requirements:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. City of Los Angeles*, 288 F.3d 391, 397 (9th Cir. 2002) (quoting *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998)) (quotations omitted). Alternatively, Rule 24(a)(1) provides that a court must permit intervention of right to anyone who "is given an unconditional right to intervene by a federal statute."

PAGE 2 – OPINION AND ORDER

If a party seeking to intervene fails to meet any of these requirements, it cannot intervene as a matter of right. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). In evaluating whether these requirements have been met, courts "are guided primarily by practical and equitable considerations" and generally construe the intervention rule "broadly in favor of proposed intervenors." *City of Los Angeles*, 288 F.3d at 397 (quotations and citations omitted). "Courts are to take all well-pleaded, nonconclusory allegations in the motion to intervene, the proposed complaint or answer in intervention, and declarations supporting the motion as true absent sham, frivolity or other objections." *S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). A proposed intervenor has a significant protectable economic interest when that interest is "concrete and related to the underlying subject matter of the action." *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). The interest must be "direct" and "non-contingent." *Dilks v. Aloha Airlines*, 642 F.2d 1155, 1157 (9th Cir. 1981).

**B. Permissive Intervention**

Applicants for permissive intervention under Rule 24(b) must meet three threshold requirements: "(1) an independent ground for jurisdiction; (2) a timely motion; (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 843 (9th Cir. 2011). Even if an applicant satisfies the threshold requirements, a court still has discretion to deny permissive intervention. *Donnelly*, 159 F.3d at 412. In exercising this discretion, a court "must consider whether intervention will unduly delay the main action or will unfairly prejudice the existing parties." *Id*.

## DISCUSSION

The Proposed Intervenors seek intervention of right, and, in the alternative, permissive intervention. The Court finds that neither form of intervention is appropriate in this case.

PAGE 3 – OPINION AND ORDER

A. **Intervention of Right**

Because the Proposed Intervenors do not claim that they are given an unconditional right to intervene by a federal statute, they must satisfy all four requirements of intervention under Rule 24(a)(2). They fail, however, to satisfy the first requirement that they establish a significant protectable interest relating to the property that is the subject of the action, the River Cliff Property. For that reason, intervention of right is not applicable.

The Proposed Intervenors claim that Mr. Talmage defrauded them out of $50 million. They do not, however, have a judgment against Mr. Talmage. Intervention of right does not permit the Proposed Intervenors to enter this lawsuit and use it as a vehicle to prove their claim against Mr. Talmage. In *Medical Protective Co. v. Pang*, 2006 WL 1544192 (D. Ariz. June 1, 2006), a patient sought to intervene in a medical malpractice insurance company's lawsuit against a doctor, alleging that limiting the amount of coverage available to the doctor would affect the patient's ability to recover damages against the doctor for his alleged malpractice. *Id.* at *1-2. The District of Arizona found that the patient's interest in the lawsuit was speculative because it hinged on the outcome of a separate suit for malpractice that the patient would have to bring against the doctor in state court. *Id.* at *3. Similarly, any interest that the Proposed Intervenors may have in this case is speculative and contingent on any action that they must first bring against Mr. Talmage because the Proposed Intervenors have not yet established that they have valid claims against Mr. Talmage.

Moreover, Proposed Intervenors have not yet successfully traced or connected any funds they may be owed by Mr. Talmage to the River Cliff Property. They claim that they "can, and will, trace their investment funds" to the "purchase and improvement" of the River Cliff Property, but they have not done so yet. ECF 20-1 ¶¶ 12, 14. Proposed Intervenors' conclusory

allegations in both complaints are insufficient to establish an existing significant protectable interest in the River Cliff Property.

The Proposed Intervenors' interest in this case amounts only to potential, or contingent, claims against Mr. Talmage. A court first needs to determine whether Mr. Talmage does, in fact, owe money to the Proposed Intervenors. At most, they are potential general creditors of Mr. Talmage. As only potential general creditors, their concern that the Government's foreclosure on the River Cliff Property might make it more difficult for them to recover the debt that they claim Mr. Talmage owes them does not support granting intervention in this case. Otherwise, any person or entity with a potential claim against Mr. Talmage could intervene in this lawsuit and litigate their dispute against Mr. Talmage here simply because the Government's intended foreclosure on the River Cliff Property will leave fewer assets available to Mr. Talmage's creditors. *Cf. Haw.-Pac. Venture Capital Corp. v. Rothbard*, 564 F.2d 1343, 1346 (9th Cir. 1977) (rejecting proposed intervenors' argument that a class action judgment against the defendant "may decrease the collectability of any subsequent judgments they may obtain in the future against" a defendant). Proposed Intervenors are not entitled to intervention of right.

**B.  Permissive Intervention**

The Court also exercises its discretion to deny permissive intervention because the Proposed Intervenors would substantially delay the main action and prejudice the existing parties, especially the Government. Intervention would require the Court to determine whether Mr. Talmage defrauded the Proposed Intervenors and whether any money received by Mr. Talmage from the Proposed Intervenors is traceable to the River Cliff Property such that the Proposed Intervenors have a legitimate interest in that property. Moreover, the insistence by the Proposed Intervenors on proceeding anonymously or as part of a "litigation trust" would complicate the Government's ability to quiet title to the River Cliff Property. In light of the

PAGE 5 – OPINION AND ORDER

contingent, and thus speculative, nature of the interest asserted by the Proposed Intervenors, permissive intervention is inappropriate.

## CONCLUSION

The Court DENIES the Proposed Intervenors' Motion to Intervene as Plaintiffs under Rule 24 (ECF 20).

**IT IS SO ORDERED**.

DATED this 2nd day of September, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge