# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, <br><br> Plaintiff, <br><br> v. <br><br> **RIVERCLIFF FARM, INC.,** <br> **RONALD B. TALMAGE,** <br> **ANNETTE C. TALMAGE,** <br> **NEW CENTURY PROPERTIES LTD.,** and <br> **MULTNOMAH COUNTY**, <br><br> Defendants. | Case No. 3:16-cv-1248-SI <br><br> **OPINION AND ORDER** |

Caroline D. Ciraolo, Principal Deputy Assistant Attorney General; Lindsay L. Clayton and Jennifer Y. Golden, Trial Attorneys, UNITED STATES DEPARTMENT OF JUSTICE, TAX DIVISION, P.O. Box 683, Ben Franklin Station, Washington, D.C. 20044; Billy J. Williams, United States Attorney, UNITED STATES ATTORNEY'S OFFICE, DISTRICT OF OREGON, 1000 S.W. Third Avenue, Suite 600, Portland, OR 97204. Of Attorneys for Plaintiff.

Thomas A. Ped, WILLIAMS, KASTNER & GIBBS PLLC, 1001 S.W. Fifth Avenue, Suite 16th Floor, Portland, OR 97204. Of Attorneys for Proposed Plaintiff Intervenors John Wadsworth and Does 1 through 15.

**Michael H. Simon, District Judge.**

Plaintiff, United States of America (the "Government"), has filed a complaint against

RiverCliff Farm, Inc., Ronald B. Talmage, Annette C. Talmage, New Century Properties

Limited, and Multnomah County (collectively, "Defendants"). Ronald B. Talmage and Annette C. Talmage (collectively, the "Talmages") are husband and wife. ECF 1 ¶ 33. The Talmages owe the Government more than $30 million in unpaid taxes, penalties, and interest. ECF 1 ¶ 61. The Government alleges that the Talmages own real property located at 35701 N.E. Chamberlain Road in Corbett, Oregon (the "River Cliff Property"). ECF 1 ¶¶ 112, 113. In this lawsuit, the Government seeks to foreclose on the River Cliff Property. John Wadsworth and Does 1 Through 15 (collectively, "Proposed Intervenors") moved to intervene in this lawsuit. ECF 20. They alleged that they are investors and that Mr. Talmage defrauded them out of $50 million. They further alleged that they can trace a portion of their lost funds to the River Cliff Property and sought to recoup a portion of the money allegedly owed to them by Mr. Talmage from that property under a theory of constructive trust. The Court denied their motion on September 2, 2016. ECF 31. The Proposed Intervenors filed a motion to reconsider on September 30, 2016. ECF 43. For the following reasons, the Court denies their motion for reconsideration.

## STANDARDS

Federal Rule of Civil Procedure 60(b) governs reconsideration of final orders of the district court. Rule 60(b) allows a district court to relieve a party from a final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(b)(6) requires a showing of "both injury and that circumstances beyond [the movant's] control prevented timely action to protect its interests." *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993). A motion under Rule 60(b)

must be made within a reasonable time and, in any event, "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party making the Rule 60(b) motion bears the burden of proof. *See Rufo v. Inmates of Suffolk Cty. Jail*, 502 U.S. 367, 383 (1992). Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citation and quotation marks omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Id.*

## DISCUSSION

The Proposed Intervenors make three arguments in support of their motion for reconsideration of their motion to intervene. First, their recently completed forensic accounting report constitutes "newly discovered evidence" under Rule 60(b)(2). Second, the denial of intervention is unfair for various reasons under Rule 60(b)(6). Third, the Court erred in rejecting the constructive trust argument in their motion to intervene.

**A. Newly Discovered Evidence**

The Proposed Intervenors point to the evidence uncovered in a ten-page report completed on September 22, 2016 by Rocky Mountain Advisory (the "RMA Report"). ECF 43-1. They argue that the RMA Report makes their claims "concrete" by outlining Mr. Talmage's alleged scheme to defraud the Proposed Intervenors in greater factual detail and tracing their funds to the River Cliff Property. ECF 43 at 13. They further argue that they could not have discovered the evidence contained in the RMA Report until recently because they "faced a race against the clock" to file their motion to intervene before the RMA Report could be completed. ECF 43 at 5. Finally, they argue that the RMA Report is the product of an "arduous and extensive document gathering process by Mr. Wadsworth," but do not indicate when Mr. Wadsworth compiled these

PAGE 3 – OPINION AND ORDER

documents.[1] ECF 43 at 13. The Government responds that the RMA Report is newly *produced* evidence based on documents already in Mr. Wadsworth's possession, not newly *discovered* evidence.

The Court agrees with the Government. Proposed Intervenors have not demonstrated that they could not, or did not, discover any of the documents underlying the RMA Report with reasonable diligence before they moved to intervene. Proposed Intervenors do not satisfy the newly discovered evidence standard by conducting a more thorough analysis of evidence that was or with reasonable diligence could have been in their possession.[2]

**B. Fairness**

The Proposed Intervenors have several arguments for why the denial of intervention was unfair under Rule 60(b)(6). The Court will take each argument in turn.

First, Proposed Intervenors argue that the denial deprives them of consideration under Department of Justice Tax Directive 137, which they argue entitles their claims to the River Cliff Property to priority over the Government's tax liens. ECF 43-4. The Government responds that the directive is an internal agency policy regarding enforcement priorities and provides Proposed Intervenors with no legal rights. The Court agrees with the Government.

Second, Proposed Intervenors argue that it would be a "travesty of justice" not to grant intervention because Mr. Talmage has defaulted in this action, rather than appearing to defend Proposed Intervenors' alleged property interests in the River Cliff Property. ECF 43 at 4. The

---

[1] Although the RMA Report refers to some of these documents, the record does not contain these documents.

[2] In addition to the RMA Report, the Proposed Intervenors have filed purported trust agreements and letters of wishes related to Mr. Talmage's alleged scheme to defraud the Proposed Intervenors. ECF 43-2; ECF 43-3. The Court does not find that these documents constitute "newly discovered evidence" under Rule 60(b) for the same reasons as the RMA Report.

Court finds this argument unpersuasive, particularly in light of the fact that Proposed Intervenors are currently protecting their alleged property rights in the River Cliff Property in a separate lawsuit. *See Wadsworth, et al. v. Talmage, et al.*, No. 3:16-cv-2082-SI (D. Or.).

Finally, Proposed Intervenors now state that they have provided the names of the individual Proposed Intervenors to the Government and are willing to provide them to the Court *in camera* as well. Proposed Intervenors initially sought to proceed anonymously (with the exception of Mr. Wadsworth) and then offered to proceed as a litigation trust (with Mr. Wadsworth as trustee) in response to the Government's objections. The Court previously found that Proposed Intervenors' insistence on proceeding anonymously or as part of a litigation trust would prejudice the Government. ECF 31 at 5. The Court still finds that intervention would prejudice the Government for the reasons stated in its order denying intervention. Moreover, as the Government argues, Proposed Intervenors' prolonged litigation against Mr. Talmage may cause the River Cliff Property to deteriorate as the status of the property remains in limbo. For these reasons, the Court finds that there are no "other reason[s] that justif[y] relief" from the denial of Proposed Intervenors' motion for intervention. Rule 60(b)(6).

C. Constructive Trust Argument

Proposed Intervenors repeat the argument from their motion to intervene that they have a constructive trust over the River Cliff Property. In their reply to the motion for reconsideration, they buttress this argument with additional case law and analysis not found in their motion to intervene or motion for reconsideration. Specifically, they now argue that their constructive trust prevents the United States' tax liens from attaching to the River Cliff Property because the Talmages do not own the River Cliff Property as a matter of law.

The Court finds that this is not a proper use of a motion for reconsideration. *See Shalit v. Coppe*, 182 F.3d 1124, 1132 (9th Cir. 1999) (finding no abuse of discretion by district court in

PAGE 5 – OPINION AND ORDER

denying a motion for reconsideration when movant offered no reason for failure to provide the evidence when litigating the underlying motion); *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse."); *Cachil Dehe Band of Wintun Indians of Colusa Indian Cty. v. California*, 649 F. Supp. 2d 1063, 1069 (E.D. Cal. 2009) ("In the absence of new evidence or a change in the law, a party may not use a motion for reconsideration to raise arguments or present new evidence for the first time when it could reasonably have been raised earlier in the litigation." (citing *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003))). For these reasons, the Court denies the motion for reconsideration.

## CONCLUSION

The Court DENIES Proposed Intervenors' Motion for Reconsideration of Order Denying Motion to Intervene (ECF 43).

**IT IS SO ORDERED**.

DATED this 10th day of November, 2016.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge