# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 3:16-cv-1248-SI |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **RIVERCLIFF FARM, INC.,**<br>**RONALD B. TALMAGE,**<br>**ANNETTE C. TALMAGE,**<br>**NEW CENTURY PROPERTIES LTD.,** and<br>**MULTNOMAH COUNTY**, | |
| Defendants. | |

**Michael H. Simon, District Judge.**

Plaintiff, United States of America (the "Government"), has filed a complaint against Defendants, RiverCliff Farm, Inc. ("RFI"), Ronald B. Talmage, Annette C. Talmage, New Century Properties Limited ("NCPL"), and Multnomah County (collectively, "Defendants"). Before the Court is the Government's motion for default judgment against all Defendants except Multnomah County. ECF 52. Regarding Multnomah County, Plaintiff and Multnomah County have entered into a stipulation that appears to resolve all issues between these two parties. ECF 8. For the reasons that follow, the Government's motion is granted.

## STANDARDS

Under Federal Rule of Civil Procedure 55(a), the Clerk of the Court is required to enter

an order of default if a party against whom affirmative relief is sought fails timely to answer or

otherwise defend an action. Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for

affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by

affidavit or otherwise, the clerk must enter the party's default."). Upon the entry of default, the

Court accepts "the well-pleaded factual allegations" of the complaint "as true." *DIRECTV, Inc. v.*

*Hoa Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) (quoting *Cripps v. Life Ins. Co. of N. Am.*, 980

F.2d 1261, 1267 (9th Cir. 1992)); *see also Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th

Cir. 1977). The court, however, does not accept as admitted facts that are not well-pleaded,

conclusions of law, or facts relating to the amount of damages. *DIRECTV*, 503 F.3d at 854;

*Geddes*, 559 F.2d at 560; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702

(9th Cir. 2008) ("'The general rule of law is that upon default the factual allegations of the

complaint, except those relating to the amount of damages, will be taken as true.'" (quoting

*TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987))).

After default has been entered against a defendant, a court may enter a default judgment

against that defendant. *See* Fed. R. Civ. P. 55(b). "The district court's decision whether to enter a

default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980);

*see also Dreith v. Nu Image, Inc.*, 648 F.3d 779, 786 (9th Cir. 2011) (noting that a district's court

decision whether to enter a default judgment is reviewed for abuse of discretion). In *Eitel v.*

*McCool*, 782 F.2d 1470 (9th Cir. 1986), the Ninth Circuit set out factors to guide a district

court's consideration of whether to enter a default judgment. *See DIRECTV* , 503 F.3d at 852

(noting that *Eitel* "set[] out factors to guide district court's determination regarding the

appropriateness of granting a default judgment"). These factors are:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of
> plaintiff's substantive claim, (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action; (5) the possibility of a
> dispute concerning material facts; (6) whether the default was due
> to excusable neglect, and (7) the strong policy underlying the
> Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel*, 782 F.2d at 1471-72 (punctuation in original). The "starting point" of the court's analysis, however, "is the general rule that default judgments are ordinarily disfavored." *Id.* at 1472.

## DISCUSSION

Mr. and Mrs. Talmage (collectively, the "Talmages") are husband and wife. ECF 1 ¶ 33. Together, the Talmages owe the Government more than $30 million in unpaid taxes, penalties, and interest. ECF 1 ¶ 61. The Government seeks to foreclose its tax liens on real property located at 35701 N.E. Chamberlain Road in Corbett, Oregon (the "River Cliff Property" or the "Property"). The Government alleges that Mr. Talmage is the true owner of the River Cliff Property, despite RFI's purported ownership, because RFI is Mr. Talmage's alter ego, nominee, or fraudulent transferee. The Government further alleges that NCPL has no claim or interest in the Property, despite its purported encumbrance of the Property, because the Talmages used NCPL as a shell to interfere with tax collection.

The Government has served process on RFI, NCLP, and the Talmages. The Government served RFI on June 27, 2016, ECF 4; NCLP on August 5, 2016, ECF 26; and the Talmages on August 16 and 23, 2016, ECF 34; ECF 35; ECF 36; ECF 37. Neither RFI, NCLP, nor the Talmages have entered appearances or responded to the Complaint. The Court entered orders of default against Defendants RFI, NCLP, and the Talmages on July 28, 2016, September 8, 2016, and September 26, 2016, respectively. ECF 19; ECF 33; ECF 41; ECF 42.

This is not the only case in which this Court has been asked to determine the ownership of the River Cliff Property. On October 28, 2016, John Wadsworth, as trustee for the RBT

Victim Recovery Trust, who is not a party in this case, filed a separate lawsuit, seeking to quiet title to the River Cliff Property. *See Wadsworth v. Talmage*, Case No. 3:16-cv-2082-SI (D. Or.), Complaint (ECF 1) (the "Quiet Title Lawsuit"). After the Government moved for default judgment in the case at bar on December 13, 2016, ECF 52, the Court entered an Order noting: "The Government also does not address how Mr. Wadsworth could still litigate this alleged interest [in the River Cliff Property] after the Government forecloses its liens on the River Cliff Property." ECF 53 at 3. The Court added that the "Government does not address how a default judgment is appropriate at this juncture when the Court must 'finally determine the merits of all claims to and liens upon the property.'" ECF 53 at 3 (emphasis omitted) (quoting 26 U.S.C. § 7403(b)-(c)). On August 1, 2017, the Court granted the Government's motion to dismiss Mr. Wadsworth's claim to the River Cliff Property in the Quiet Title Lawsuit, finding that the Government's tax liens defeat any interest that Mr. Wadsworth or the RBT Victim Recovery Trust have (or could obtain) in that property. *See* Quiet Title Lawsuit, Opinion and Order (ECF 50).

The factual allegations in the Complaint at bar establish the elements of Plaintiff's claims. Although a court may not accept as true any allegations relating to damages, the United States does not seek damages in this case. The Court also finds that the *Eitel* factors weigh in favor of entering a default judgment. Federal tax law requires the Court to "finally determine the merits of all claims to and liens upon" the River Cliff Property. 26 U.S.C. § 7403(c). Because the Court has determined that Mr. Wadsworth's claims are meritless, there are no remaining claims to the River Cliff Property asserted outside this lawsuit. Finally, as noted, the Government and Multnomah County have entered into a stipulation that resolves their dispute in this matter.

**CONCLUSION**

Plaintiff's Motion for Default Judgment (ECF 52) is GRANTED. Within two weeks from the date of this Opinion and Order, Plaintiff shall file a proposed judgment resolving all claims asserted in this litigation among all parties.

**IT IS SO ORDERED**.

DATED this 7th day of August, 2017.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge